IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>v.<br><br>JADEN C. CHANEY (03),<br><br>                                Defendant. | Case No. 22-20057-03-DDC |

**MEMORANDUM AND ORDER**

Defendant Jaden C. Chaney has filed an unopposed motion under 28 U.S.C. § 2255. Doc. 188. He asks the court to vacate his sentence because his trial counsel rendered constitutionally deficient performance. Specifically, Mr. Chaney asserts that "counsel failed to object to an improper sentencing guideline enhancement." *Id.* at 1. "To establish an ineffective-assistance-of-counsel claim, one must show both deficient performance and resultant prejudice to the defendant." *United States v. Babcock*, 40 F.4th 1172, 1176 (10th Cir. 2022) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The court considers each prong, in turn, below.

To prevail on *Strickland*'s first prong—constitutionally deficient performance— defendant "must show 'that counsel's representation fell below an objective standard of reasonableness[.]'" *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting *Strickland*, 466 U.S. at 688). The court recognizes that, usually, review of this prong is highly deferential. *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011). But, in this case, the government has conceded that Mr. Chaney's counsel rendered inadequate assistance. Doc. 188

at 1 (identifying motion as unopposed). Such a concession isn't unheard of. *See United States v. McGaughy*, 670 F.3d 1149, 1153 (10th Cir. 2012) ("Here, the government essentially conceded ineffective assistance of counsel[.]"). And so, the court adopts the parties' position and finds that defense counsel's failure to object to an inapplicable enhancement[1] amounted to deficient performance.

"As for *Strickland's* prejudice prong, [Mr. Chaney] must establish that but for counsel's errors, there is a reasonable probability 'the result of the proceeding would have been different.'" *Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010) (quoting *Strickland*, 466 U.S. at 694). The erroneous enhancement added two levels to Mr. Chaney's offense level. Mr. Chaney's Guideline range was 41 to 51 months, when a correct calculation would have produced 33 to 41 months. U.S.S.G. ch. 5 pt. A (sentencing table). The court sentenced Mr. Chaney to 41 months—the lowest rung of a Guidelines sentence. Doc. 117 at 2 (Judgment). Had the PSR calculated Mr. Chaney's Guideline range properly, the court likely would've sentenced him to 33 months. So, a reasonable probability exists that, had counsel not missed the improper enhancement, Mr. Chaney would have received a lower sentence.

The court thus grants Mr. Chaney's § 2255 motion and vacates his sentence. This Order is stayed until the court can conduct a new sentencing hearing and enter an amended judgment on the docket.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Chaney's unopposed Motion to Vacate Sentence under § 2255 (Doc. 188) is granted.

**IT IS SO ORDERED.**

---

[1] The court assumes the reader's familiarity with its prior Order in this case, Doc. 175. That Order explains the same error made for co-defendant Deldrick L. Bryant.

Dated this 20th day of January, 2026, at Kansas City, Kansas.

                                                                           <u>s/ Daniel D. Crabtree</u>
                                                                           **Daniel D. Crabtree**
                                                                           **United States District Judge**